UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT K. DECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00278-MJD-JMS |
| ) | |
| EDWIN BAEZ Lt., et al., ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants' Motion for Summary Judgment. [Dkt. 162.] The motion is fully briefed,[1] and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

## I.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009)

---

[1] The Court notes that Plaintiff has filed a surreply in this matter. [Dkt. 173.] Plaintiff is reminded that he is now represented by counsel and should refrain from filing anything directly with the Court. Moreover, Plaintiff did not seek leave of this Court before filing a surreply. As such, the Court has not considered Plaintiff's surreply.

("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. Background

Plaintiff Robert K. Decker has brought this lawsuit in response to a September 20, 2017, altercation involving five correctional officers at the United States Penitentiary—Terre Haute Special Housing Unit. This is not, however, Plaintiff's first legal challenge related to this incident. Plaintiff first filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding that resulted from the September 20, 2017 incident. According to the Incident Report prepared by Senior Officer B. Monnett:

> On September 20, 2017, at 12:45 pm, I attempted to escort inmate Decker, Robert, Reg. No. 51719-074 out of Holding Cell MR-5 in the Special Housing, back to his assigned cell in Range A-Upper, cell #214. Once I entered the cell and grabbed inmate Decker by the arm, he attempted to break free from me by pulling away from me. I along with responding staff placed inmate Decker on the floor to regain control. I gave inmate Decker multiple orders to stop his actions with negative result. Inmate Decker continued to resist by not allowing us to place the leg restraints on him and kicking his legs toward the staff involved in the Use of Force. Once restrained, inmate Decker refused to walk on his own and was carried down the steps to Range A-Lower, cell #116, where he was placed in Hard 4-Point Restraints by the SHU Lieutenant.

*Decker v. Krueger*, 2019 WL 1439111, at *1 (S.D. Ind. April 1, 2019). Monett charged Plaintiff with Code 224-A, assaulting any person (attempt), and Code 307, refusing to obey an order. On September 28, 2017, Disciplinary Hearing Officer ("DHO") Bradley held a disciplinary hearing, finding Plaintiff guilty of violating Code 224-A, assaulting any person (attempt). Plaintiff, advised of his rights, declined a staff representative, declined to request witnesses, and declined

to appear at the Unit Disciplinary Committee and DHO hearings. The DHO sanctioned Plaintiff as follows: disallowance of 27 days of good conduct time, a 90-day loss of phone privileges, and 90 days of impounded property. *Id.* at *2. The district court, finding no arbitrary action, denied Plaintiff's petition for a writ of habeas corpus. *Id.* at *3.

In his Amended Complaint in this action, Plaintiff asserts claims pursuant to *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Specifically, Plaintiff asserts excessive force claims against E. A. Baez, B. Monnett, A. Rogers, and J. Vest, and failure to protect claims against Z. Hoffman, B. Monnett, A. Rogers, and J. Vest. [Dkt. 16.] Plaintiff alleges that on September 20, 2017, while handcuffed, he began to bang on the door of his cell. In response, Officers Monnett and Rogers placed Plaintiff in leg restraints. Despite being handcuffed and leg shackled, Plaintiff continued to "bang" and "yell." Eventually, Officers Rogers, Monnett, Baez, Hoffman, and Vest confronted Decker. Plaintiffs alleges that he was grabbed by the throat, thrown into a wall, punched in the face, tripped to the floor, and repeatedly hit. *Id.* at 6-7.

### III.    Discussion

Defendants argue that Plaintiff's "excessive force lawsuit against the Defendants is actually an effort to expunge his prison disciplinary conviction for attempted assault. In this course of this litigation, the Plaintiff has not only denied the acts giving rise to the conviction, but also admitted to using the discovery process to obtain evidence he could use to challenge the conviction in a separate habeas action." [Dkt. 163 at 1.] Therefore, Defendants argue, Plaintiff's claims are barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck* holds that a Plaintiff seeking to recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

3

render a conviction or sentence invalid" must show that a judgment in their favor would not necessarily imply the invalidity of their conviction or sentence. ² *Id.* at 486. If it would, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" through channels such as direct appeal or a writ of habeas corpus. *Id.* The Supreme Court has since extended the *Heck* rule to prison disciplinary convictions that resulted in the deprivation of good-time credit and therefore impact the duration of an incarcerated person's sentence. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In practical terms the "*Heck* rule is analogous to collateral estoppel: an issue determined with finality in a full and fair adjudicative proceeding (and essential to the decision in that proceeding) cannot be reopened in a subsequent case." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). Ultimately, the Court must evaluate Plaintiff's factual claims—and not just his legal theory under *Bivens*—to ascertain whether Plaintiff's success on those claims would "necessarily imply the invalidity of the criminal conviction." *Tolliver v. City of Chicago*, 820 F.3d 237, 242 (7th Cir. 2016).

In supporting their argument that Plaintiff's true intention with his lawsuit is to reverse his disciplinary conviction, Defendants cite at length to *Wooten v. Law*, 118 F. App'x 66 (7th Cir. 2004). [Dkt. 163 at 8.] As Plaintiff rightfully notes, this is an unpublished opinion from 2004. [Dkt. 168 at 11.] The *Heck* doctrine is not an obscure area of the law where a party would struggle to find ample binding case law. Moreover, *Wooten* is clearly distinguishable from the facts of this case. Wooten **pleaded** that "he never physically resisted, or tried to fight with the

---

² The Supreme Court also has held that the *Heck* doctrine applies to *Bivens* actions in addition to those brought pursuant to 42 U.S.C. § 1983. *See Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015).

guards, or refused to go with them." *Wooten*, 118 F. App'x at 67. Here, Plaintiff's Amended Complaint is not in conflict with the correctional officer's version of the events on September 20, 2017.

In fact, it is of great importance in this case that Plaintiff's Amended Complaint is compatible with Officer Monett's Incident Report. Under *Heck,* Plaintiff, as the master of his complaint, is prohibited from asserting that he is innocent of the offense he has been convicted of and thus is prevented from making a collateral attack on his conviction. *See, e.g., Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("He could argue as we have suggested that the defendants had taken both drugs and gems, and then the fact that they had violated his civil rights in taking the gems (if they did take them) would cast no cloud over the conviction. Or he could simply argue that they took the gems and not say anything about the drugs, and then he wouldn't be actually challenging the validity of the guilty verdict. But since he is challenging the validity of the guilty verdict by denying that there were any drugs and arguing that he was framed, he is barred by *Heck*."); *Evans v. Poslon*, 603 F.3d 362, 364 (7th Cir. 2010) (observing "a plaintiff is master of his claim and can, if he insists, stick to a position that forecloses relief"); *Moore*, 652 F.3d at 723 (upholding the use of *Heck* where Plaintiff "came close" to denying facts essential to his conviction such that court had "real doubt concerning his intentions"); *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017) ("The worst one can say about Mordi's case is that he made a few half-hearted attempts to assert his innocence between the time the police arrested him and the time he found himself facing federal charges. But those efforts did not make their way into his complaint. . . . Unlike *Okoro*, Mordi is not asking for any form of relief that would undermine his guilty plea or his conviction.").

Recognizing that Plaintiff's Amended Complaint in no way contradicts the incontestable findings of the discipline hearing convicting Plaintiff of Code 224-A, assaulting any person (attempt), Defendants cite to Plaintiff's settlement communications[3] and his deposition testimony in an attempt to bring Plaintiff's case within *Heck* territory. Plaintiff, who was unrepresented by counsel when he was deposed,[4] at times contradicted Officer Monnett's Incident Report during his deposition. For example, he testified that he did not recall Officer Monnett coming into his holding cell and grabbing his arm. [Dkt. 162-2 at 60.] Pressed further about the incident, Plaintiff denied ever having resisted or assaulted an officer. *Id.* at 61. This testimony is certainly troublesome under *Heck*. Therefore, the question before this Court is whether the Court should allow this case to go forward limiting the record to only the allegations found in the Amended Complaint, or should the court dismiss this case due to Plaintiff's deposition testimony and his written settlement communications. It does not follow that Plaintiff's case must be dismissed, however.

---

[3] Defendants note that Plaintiff twice sought expungement of the conviction as part of his settlement demands. [Dkt. 163 at 11.] These settlement terms, Defendants argue, show that Plaintiff's true intent is to contest his disciplinary conviction. Plaintiff has moved to strike these settlement communications as inadmissible pursuant to Federal Rule of Evidence 408. [Dkt. 168 at 4-5.] The Court **DENIES** Plaintiff's motion to strike, inasmuch as settlement communications are admissible for some purposes, and Defendants have offered them for a permissible purpose in this instance. *See Wine & Canvas Dev., LLC v. Muylle,* 868 F.3d 534, 540 (7th Cir. 2017) (holding that settlement statements may be offered to "show Plaintiffs' improper intent and ulterior motive in filing their lawsuit."). However, Defendants have cited no authority that supports their argument that a plaintiff's "motive" for filing suit is relevant to the *Heck*-bar issue, and the Court finds that it is not. And, in any event, there are many reasons why a term ultimately ends up in a settlement offer. Thus, while the Court will not strike the settlement communications as offered in the context of the instant motion, they will not be admitted at trial; instead, the Court expects to address the issue through an instruction to the jury as discussed in greater detail below.

[4] Plaintiff's deposition occurred on October 29, 2019. Plaintiff's counsel was not appointed until December 16, 2019.

Although *Heck* and the many cases that follow stand for the proposition that a person is prohibited from collaterally attacking an unfavorable conviction, it is also not a magic talisman preventing an aggrieved, but also guilty, person from bring a claim to seek justice for a Constitutional violation. "As a general proposition, a Plaintiff who has been convicted of resisting arrest or assaulting a police officer during the course of an arrest is not *per se Heck-*barred from maintaining [a civil action] for excessive force stemming from the same confrontation. . . A contrary conclusion. . . would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (internal citations and quotation omitted). In fact, many cases that concern how police or correctional officers conduct searches, arrests, or employ force are compatible with a conviction. *See United States v. Alvarez–Machain*, 504 U.S. 655 (1992) (holding that an arrest conducted without probable cause violates the fourth amendment but does not imply the invalidity of a conviction, because courts do not suppress the body of the accused)  This is because the exclusionary rule is used in response to only a small portion of all constitutional violations—excessive force in making an arrest or seizure is not one of those cases.  *See United States v. Jones*, 214 F.3d 836, 838 (7th Cir. 2000); *cf. Hudson v. Michigan*, 547 U.S. 586, 602 (2006) (violation of constitutional knock-and-announce rule does not justify exclusion).

It is also problematic to allow an unrepresented layperson to *Heck* bar his own case during an adversarial deposition. After being "duly sworn to tell the truth, the whole truth, and nothing but the truth, "Defendants asked Plaintiff repeatedly about the incident in question. [Dkt. 16-2.]  Even if incorrect, Plaintiff might earnestly believe that he did not resist the correctional officers.  Thus, he was put in a difficult position where he was duty bound to answer

honestly the AUSA's questions but also craft his answers so as not to *Heck* bar his excessive force claims. If Plaintiff truly believes he is innocent, Plaintiff should have at least maintained an agnostic position during his deposition, which the Seventh Circuit has made it clear is permissible. *See Evans*, 603 F.3d at 364 ("*Heck* prevents such a person from prevailing in the § 1983 action on a position incompatible with the conviction, but the plaintiff need not adopt the defendants' view of what occurred in order to contest the degree of force used.").

In fact, Plaintiff's predicament is similar to the situation in *Gilbert v. Cook*, 512 F.3d 899, (7th Cir. 2008). Gilbert, an incarcerated individual, brought an excessive force claim against his correctional officers after an officer separated Gilbert's shoulder and scraped off roughly six inches of skin. *Id.* at 900. The facts leading up to Gilbert's injury, however, remained contested. A prison disciplinary board had found Gilbert guilty of punching one of the guards while his arms sat in the "chuckhole, an opening that can be used to cuff and uncuff prisoners' hands while their limited mobility reduces the risk of violence to the guards." *Id.* Due to incontestable findings, Gilbert had no choice but to concede that he had punched a guard. *Id.* Understanding the dilemma this put Gilbert in, the Seventh Circuit reasoned:

> An argument along the lines of 'The guards violated my rights by injuring me, whether or not I struck first' does not present the sort of inconsistency that doomed Okoro's suit. To put Gilbert's claim this way is to show that his success would not imply the invalidity of the decision revoking his good-time credits. Only a claim that 'necessarily' implies the invalidity of a conviction or disciplinary board's sanction comes within the scope of Heck.

*Id.* at 902. (citations omitted). However, expecting "Gilbert. . . to argue that the guards wrenched his arm out of its socket in retaliation for an act that Gilbert neither concedes nor denies. . . would be a difficult task for a lawyer and was even more difficult for a poorly educated layman—as Gilbert, who has been in prison since he was 14. . ." *Id.* at 901. To remedy this

difficulty, the Seventh Circuit endorsed the use of instructions at trial to help facilitate the natural tensions between a Plaintiff's need to speak their truth and also not contradict the prior criminal conviction. The court held:

> Instead of insisting that Gilbert confess in open court to striking a guard, the [district] judge should have implemented *Heck* . . . through instructions to the jury at the start of trial, as necessary during the evidence, and at the close of the evidence. It would have sufficed to tell the jurors that Gilbert struck the first blow during the fracas at the chuckhole, that any statements to the contrary by Gilbert (as his own lawyer) or a witness must be ignored, and that what the jurors needed to determine was whether the guards used more force than was reasonably necessary to protect themselves from an unruly prisoner.

*Gilbert*, 512 F.3d at 902.

Ultimately, "a prisoner proceeding without counsel" can "struggle[] to articulate his contentions in a way that would avoid problems under *Heck*. But this sort of difficulty, which was evident in *Gilbert* too, must not be confused with a desire to abandon" a civil excessive force claim. *Evans*, 603 F.3d at 364. As such, it is within this Court's discretion to "retain[] the case. . . on the authority of *Evans*, and forbid[] the plaintiff to embroider his claim with the rejection of the disciplinary board's findings." *Morre*, 652 F.3d at 725.

"[M]ost Fourth Amendment claims survive *Heck*." *Hill*, 785 F.3d at 249. This case is no exception.

## IV. Conclusion

Defendants' Motion for Summary Judgment is **DENIED**. [Dkt. 162.] Defendants can request for appropriate instructions to be given at trial consistent with this order.

This case remains set for a final pretrial conference on **Thursday, June 24, 2021 at 3:30 p.m. (Eastern)** [Dkt. 175] and a jury trial on **Monday, July 12, 2021 at 8:30 a.m. (Eastern)**

9

[Dkt. 170].  The parties are reminded of the pre-trial preparation deadlines contained in Section

VIII of the Case Management Plan [Dkt. 116].

    SO ORDERED.

Dated:  2 APR 2021

                                       Mark J. Dinsmore
                                       United States Magistrate Judge
                                       Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808


Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.